TORRES, DEMANDANTE Y APELANTE, *v.* SUCESIÓN CÓRDOVA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre daños y perjuicios por seducción.

No. 2797.—Resuelto en mayo 25, 1923.

DAÑOS Y PERJUICIOS POR SEDUCCIÓN—CAUSA DE ACCIÓN CONTRA HEREDEROS POR SEDUCCIÓN PERPETRADA POR EL CAUSANTE.—El artículo 560 del Código Penal vigente derogó solamente aquella parte del antiguo Código Penal que se refería a los delitos y no a la responsabilidad civil proveniente de los mismos; según el artículo 123 del código español para Cuba y Puerto Rico la

acción para reclamar daños y perjuicios por seducción sobrevive al causante de los mismos y puede dirigirse contra sus herederos, por lo menos contra aquellos que aceptan la herencia.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. H. Miranda* y *R. Agrait Aldea.*

Abogados de la apelada: *Sres. Largé & Zeno.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La apelante estableció demanda por daños y perjuicios contra una sucesión debido a su seducción bajo promesa de matrimonio por el causante de dicha sucesión. Fué dictada sentencia sobre la excepción previa en favor de la demandada. Por virtud del artículo 667 del Código Civil, la herencia comprende todos los bienes, derechos y obligaciones de una persona que no se extingan por su muerte. La cuestión en particular que ha de resolverse en este caso es si sobrevivió la causa de acción descrita en la demanda.

En los casos de *Zalduondo* v. *Sánchez*, 15, D. P. R. 231; *Guzmán* v. *Vidal*, 19 D. P. R. 841, y *Torres* v. *Ramírez*, 22 D. P. R. 450, disentimos el origen de la responsabilidad civil por actos delictivos en Puerto Rico. Quedó establecido que los actos delictivos en tiempos de España estaban íntimamente relacionados con los procesos criminales. La responsabilidad civil estaba regulada en cierto modo por prescripciones del Código Penal Español, y toda la materia está ahora comprendida en los artículos 1056, 1059 y 1803 de nuestro propio Código Civil. Resolvimos que en la apreciación de los daños los principios observados en España y en los Estados Unidos en materia de actos delictivos o daños eran muy similares.

Para determinar la naturaleza de una responsabilidad civil nacida de un acto punible, debe considerarse el actual Código Penal, así como el origen de la responsabilidad civil en el Código Penal Español.

El párrafo final del vigente Código Penal de Puerto Rico es como sigue:

"Art. 560.—El Código Penal, Reales Decretos, Ordenes y Ordenes Militares vigentes en Puerto Rico, en todo lo que se relacione o refiera a delitos, y que fuesen incompatibles o se opusieren a la presente y todas las demás leyes, órdenes, decretos y disposiciones incompatibles o contrarias a la misma, quedan por la presente derogados.

"Esta Ley empezará a regir el día primero de julio de mil novecientos dos, a las doce del día."

El artículo 123 del Código Penal para Cuba y Puerto Rico prescribía lo siguiente:

"La obligación de restituir, reparar el daño e indemnizar los perjuicios se transmite a los herederos del responsable.

"La acción para repetir la restitución, reparación e indemnización se transmite igualmente a los herederos del perjudicado."

Ninguna de las partes ha discutido la aplicabilidad de este artículo, pero sostenemos que no ha sido derogado expresamente por las disposiciones finales del Código Penal como han sido transcritas, y las derogaciones tácitas no son favorecidas. Específicamente solo aquella parte del antiguo Código Penal fué derogada que se refería a los delitos y no a la responsabilidad civil proveniente de los mismos. En otras palabras como parte del derecho substantivo vigente en Puerto Rico la responsabilidad de los herederos, por lo menos aquellos que aceptan la herencia, es la misma que la del causante.

Ahora bien, puesto que la seducción bajo promesa de matrimonio está castigada en Puerto Rico, la responsabilidad civil por virtud de los artículos que han sido citados de los códigos también le acompaña con todas sus consecuencias. No importaría que acciones semejantes no se transmitieran en los Estados Unidos.

La máxima *actio personalis moritur cum persona* era de muy vasta aplicación y por sus propios términos hubiera

comprendido hasta los pagarés. En muchas jurisdicciones la responsabilidad, aun por daños, se ha hecho más extensiva que como era en la ley común. Sin embargo, las prácticas de los diferentes Estados no tienen aplicación en Puerto Rico donde el principio de la sucesión universal, algo modificado en su forma, ha sido aceptado. La modificación tal vez es el beneficio de inventario, el derecho de deliberar y la aceptación de la herencia.

La apelante ha sugerido que la máxima citada es de aplicación muy limitada en Puerto Rico y se extiende únicamente a derechos y obligaciones, así como el usufructo, la patria potestad y otros derechos que se extinguen necesariamente con la persona.

El artículo 41 del Código de Enjuiciamiento Civil se discute por las partes. Este fija una limitación al ejercicio de la acción, pero por lo demás no favorece a la apelada. Es como sigue:

"Art. 41.—Si una persona con derecho a ejercitar una acción muriese antes de terminar el período de prescripción requerido para deducir aquélla, y la causa de la acción subsistiere, los representantes de tal persona podrán ejercitar dicha acción después de la terminación de aquél período y dentro de un año de la defunción. Si una persona contra la cual puede ejercitarse una acción, muriese antes de la terminación del período de tiempo requerido para dar principio a la misma, podrá deducirse dicha acción contra sus representantes, después de la terminación de aquel período, y dentro de un año después del nombramiento judicial del albacea o administrador testamentario."

En California aparecería que la responsabilidad de los demandados se limita a acciones que sobreviven, pero esa limitación, quizá intencionalmente, no se incluye en nuestro código, lo que es otro argumento más en favor de la apelante.

Aun cuando quedase duda de si alguna parte del Código Penal de España quedó en vigor, sin embargo, prevaleciendo el principio de la sucesión universal, ninguna acción contra un demandado se extinguiría a menos que lo indicara

el código, y como hemos visto la máxima de la ley común no prevaleció en España.   La tradición aquí es distinta.

Hemos resuelto que la aceptación de la herencia es una cuestión de defensa.   *Amy* v. *Aponte, et al.*, 29 D. P. R. 145.

Debe revocarse la sentencia apelada, desestimarse la excepción previa y permitirse a los demandados formular sus alegaciones dentro del término de diez días.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.